## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

                                           **Case No. 4:94cr4026-WS**

**vs.**                                   **Case No. 4:06cv38-WS/WCS**

**FRANK ANTHONY HAROLD,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION ON REQUEST TO PRESERVE CLAIM

      This cause is before the court on Defendant's "Request to Preserve His Booker Claim Pursuant to Fed.R.Civ.P. [and 28 U.S.C.] § 2255 ¶ 6(3)."  Doc. 118.

      Defendant previously filed a 28 U.S.C. § 2255 motion, which was denied with prejudice.  Docs. 84 and 85 (report and recommendation as adopted by the court).  A certificate of appealability was denied by this court and the court of appeals.  Docs. 95 and 106.  He must therefore obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion.  § 2255 (referencing § 2244); § 2255 Rule 9 (amended effective December 1, 2004) ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals

authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").

Absent authorization, this court lacks jurisdiction to consider a second or successive motion.  United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005), *citing* Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (2255 motion).  Defendant Harold's previous attempts to circumvent the authorization requirement were summarily rejected.  Docs. 108, 111, 114 and 116 (recommendations as adopted rejecting motions to void judgment for lack of jurisdiction).

In his current motion, Defendant asserts entitlement to relief under United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and asks to preserve the one year filing date under Dodd v. United States, 545 U.S. 353, 125 S.Ct. 2478, 160 L.Ed.2d 621 (2005).  Doc. 118.[1]  He "brings to this Honorable Court's attention that the present request should not be construed as a second or successive § 2255 motion." *Id.*, p. 1.  He asserts that claims which do not arise until after the initial motion are not considered second or successive.  *Id.*, pp. 1-4.  He asserts that Booker was not decided when he filed his first § 2255 motion so he could not have raised this claim earlier.  *Id.*,

---

[1] The Court in Dodd addressed the language of 28 U.S.C. § 2255 ¶ 6(3), commencing the one year limitations period for filing a § 2255 motion from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  545 U.S. at __, 125 S.Ct. at 2481 (quoting the statute). The Court said the date in the first clause applies only if the conditions in the second clause are satisfied.  *Id.* at 2482.  "Thus, if this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion.  *He may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met.*"  *Id.* (emphasis added).

p. 6.  Defendant claims that he is not "launching a collateral attack," but "only preserving his Booker claim before the deadline expires."  *Id.*

Defendant claims that the court erred under Booker in raising his criminal history category to more accurately reflect the seriousness and extent of his prior criminal conduct.  *Id.*, p. 7.[2]  He contends that once Booker is made retroactive, correction of his illegal sentence will be required.  *Id.*, pp. 7-8.  He asks the court to grant his motion to preserve the Booker claim.  *Id.*, p. 8.

It is not true that the claim is not successive or that it did not arise until recently. Defendant challenged the same upward departure previously; he just did not raise the claim later recognized in Booker.[3]  This is not a case where a claim follows resentencing or a new appeal.  Instead, Defendant is claiming that his claim is based on "a new rule of constitutional law . . . that was previously unavailable," and this new rule will ultimately be made retroactive; a circumstance in which a second or successive motion is expressly permitted.  § 2255, ¶ 8 (2).  If such a claim were not considered second or successive at all, this language in § 2255 would be meaningless.

---

[2] As the Eleventh Circuit has noted, Booker did not disturb the holding of Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). that the fact of a prior conviction may be made by the court.  *See* United States v. Cantellano, 430 F.3d 1142, 1146-47 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 1604 (2006); United States v. Gibson, 434 F.3d 1234, 1245-49 (11th Cir. 2006).

[3] The court addressed the upward departure in the § 2255 proceeding.  Doc. 84, pp. 12-15.  The court found that Defendant had notice and the opportunity to be heard on the upward departure based on his past criminal conduct.  *Id.*, pp. 14-15.  The court also rejected an ineffective assistance of counsel claim for failing to object to lack of notice, finding no basis for an objection because there was notice.  *Id.*, p. 20.

Finally, it is noted that the Supreme Court recently granted certiorari as to the retroactive application of <u>Blakely</u> and <u>Booker</u>. <u>Burton v. Waddington</u>, 142 Fed. Appx. 297 (9th Cir. 2005) (not published in the Federal Reporter), *cert. granted*, __ U.S. __, 126 S.Ct. 2352 (Mem) (June 5, 2006).  If and when a new rule of constitutional law, previously unavailable, is "made retroactive to cases on collateral review by the Supreme Court," leave for filing a second or successive motion is authorized, but such leave must still be obtained from the court of appeals.  § 2255 (incorporating § 2244).  If authorization for filing in this court is ever granted, Defendant's claim will most likely be time barred.  <u>Dodd</u>, 545 U.S. at __, 125 S.Ct. at 2483 ("because of the interplay between ¶¶ 8(2) and 6(3) [of § 2255], an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year.").

Defendant's request to preserve his <u>Booker</u> claim so it will not be time barred in the future should be denied.

It is therefore respectfully **RECOMMENDED** that Defendant Harold's request to preserve claim (doc. 118) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 28, 2006.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.