# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

    vs.                                        4:94cr4026-WS/WCS

**FRANK ANTHONY HAROLD**

_____/

## OPPOSITION TO MOTION FOR MODIFICATION

COMES NOW THE UNITED STATES OF AMERICA, in opposition to defendant' Frank Anthony Harold's motion for modification of sentence. Although defendant purports to seek relief under 18 U.S.C. §3582(c)(2), based upon amendments to the Sentencing Guidelines which have been made retroactive, his motion is a thinly disguised motion alleging constitutional violations, which is barred because it is both untimely and successive, and which is otherwise without merit.

## BACKGROUND

Defendant was indicted in May, 1994, as a convicted felon in possession of a firearm. Doc. 2. Defendant was convicted as charged at a jury trial which concluded November 10, 1994. Evidence at trial indicated that defendant had the weapon in connection with drug distribution. PSR ¶5-13, 21; R II 127-62 (testimony of Stephanie Pease); R III 197-239 (testimony of Officer William Hurlburt).

The Pre-Sentence Report Calculated a base offense level of 24 under §2K2.1(a)(2), plus a two level adjustment because the firearm was stolen (§2K2.1(b)(4)), a four level adjustment because the firearm was used in furtherance of drug sales (§2K2.1(b)(6)), and a two level increase for obstruction of justice (§3C1.1), for a total offense level of 32. However, as an armed career offender, defendant was given an adjusted offense level of 34. PSR ¶28-29; Guidelines §4B1.4.

With 22 or 23 criminal history points, defendant had at least nine more points than was required for a criminal history category VI. §5A. This produced a Guidelines range of 262-327 months, with a mandatory minium sentence of 15 years. PSR ¶90-91.

The government objected that the PSR failed to account for defendant's aggravated criminal history and the likelihood that he would commit additional crimes once released. Doc. 47; PSR Addendum; Guidelines §4A1.3. The District Court agreed and departed upward to a term of 480 months. Doc. 51.

On direct appeal, Harold contested admission of evidence that his drug trafficking activities gave him a motive to possess the firearm and the finding at sentencing that he possessed the firearm in connection with drug trafficking.[1] The United States Court of Appeals for the Eleventh Circuit denied relief.

---

[1] As a separate filing, the government is submitting its brief on direct appeal. This serves both to document the issues on appeal and to provide a detailed statement of facts with record citations.

## History of Collateral Litigation

In July, 1997, defendant filed a motion to vacate under 28 U.S.C. §2255. This was denied in December, 1999. Doc. 85. Defendant's appeal was ultimately for failure to present a substantial issue. Doc. 106.

In October, 2002, defendant filed a motion challenging the jurisdiction of the Court. Doc. 107. This motion was denied in January, 2003. Doc. 111.

In May, 2004, defendant filed another motion challenging the jurisdiction of the Court. Doc. 113. This motion was denied in June, 2004. Doc. 116.

In January, 2006, defendant filed a motion asserting claims under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Doc. 118. This motion was denied in August, 2006. Doc. 122.

## Instant Claim

Defendant now claims that he is entitled to relief under 18 U.S.C. §3582(c)(2), which provides for the retroactive application of certain amendments to the Guidelines. He points to Amendment 599 as the basis for relief.

Amendment 599 modifies §2K2.4, concerning the sentencing for offenses such as 18 U.S.C. §924(c) (using a firearm in a crime of violence or drug trafficking crime). Amendment 599 prevents double counting, by insuring that a defendant who is convicted of such an offense does not receive both an enhancement for the use of a firearm on the underlying offense and a separate consecutive sentence for the use of the firearm. App. Note 4 to §2K2.4.

This amendment does not apply to defendant's case, because he was not convicted of 18 U.S.C. §924(c) or any similar provision, nor of a drug trafficking offense

**3**

or crime of violence.  Defendant was convicted of a single count of being a convicted felon in possession of a firearm.  Doc. 2, 42.  There was no "double counting" issue, because defendant's possession of the firearm was only counted once.  The connection of the firearm to other offenses was properly considered as an aggravating factor, as it would be under current Guidelines.  §2K2.1(6) and 4B1.4(b)(3).

Much of defendant's motion is legal gibberish, addressing cases where defendants were convicted under §924(c), as well as for drug or other related offenses.  That simply did not happen here.

Portions of the motion appear to rely upon Booker.  The law of this Circuit remains that Booker does not apply retroactively.  Varella v. United States, 400 F.3d 864 (11th Cir. 2005).  Moreover, the only issue which affected defendant's maximum possible sentence which was not submitted to the jury was the fact of his prior criminal convictions.  The Supreme Court has specifically ruled that such matters need not be submitted to a jury.  Almandarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219 (1998).

Defendant also challenges the Court's upward departure at sentencing.  This claim has been previously litigated and is barred by the statute of limitations and the ban on successive complaints under 28 U.S.C. §2255.  This issue cannot be revived by §3182(c)(2).

Given defendant's history of contentiousness, the government expects that he will file additional successive, untimely, and merit-less challenges to his sentence.  While it may not be possible to deter such filings, it is not necessary to waste much time on this one.

For the reasons set out above, this motion should be summarily denied.

Respectfully submitted,

GREGORY R. MILLER
United States Attorney


*S/Michael T. Simpson*
MICHAEL T. SIMPSON
Assistant U.S. Attorney
111 North Adams St., 4th Floor
Tallahassee, FL 32301
(850)942-8430
Florida Bar No. 254339

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail this 18th day of March, 2006, to **Frank Anthony Harold**, Register No. 10173-017, United States Penitentiary, P. O. Box 1031, Coleman, Florida 33521-1031.

*s/Michael T. Simpson*

5