**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

vs.

Case No. 4:94cr4026-WS

**FRANK ANTHONY HAROLD,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION TO DENY § 3582(c)(2) MOTION

Defendant filed a motion for reduction of sentence, referencing 18 U.S.C. § 3582(c)(2) and Amendment 599 to the United States Sentencing Guidelines. Doc. 123. Pursuant to court order, doc. 124, the Government filed a response. Doc. 125.

In his motion, Defendant "brings to the Honorable Court's attention that the instant request is not to be recharacterized as a Second or Successive § 2255 motion," and he does not wish it to be recharacterized as such. Doc. 123, p. 2.

Defendant previously filed a 28 U.S.C. § 2255 motion, which was denied on the merits. *See* doc. 84 (report and recommendation on Defendant's 28 U.S.C. § 2255 motion); docs. 85 and 86 (order adopting recommendation and judgment entered on the docket on January 3, 2000), and docs. 95 and 106 (denying a certificate of

appealability).  It is noted that this Defendant had the benefit of counsel in filing his § 2255 motion.  Doc. 84, p. 1.

In his current motion, Defendant challenges the enhancement of his sentence based on factors which were not admitted or proven to a jury beyond a reasonable doubt.  He relies on Amendment 599 and United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  *Id.*  He contends the court cannot decide that Booker does not apply retroactively, "because Amendment 599 is per-se retroactive Nunc Pro Tunc, which provides compelling support" for his arguments.  *Id.*, p. 3.

As argued by the Government, Amendment 599 does not apply here.  Doc. 125, pp. 3-4.  Amendment 599 amends the commentary to U.S.S.G. § 2K2.4, relevant to convictions under 18 U.S.C. § § 844(h), 924(c) and 929(a).  *See* Amendment 599, § 2K2.4(b), and application n. 2; United States v. Pringle, 350 F.3d 1172, 1179 (11th Cir. 2003) ("Amendment 599 was enacted in order to clarify under what circumstances a weapons enhancement may properly be applied to an underlying offense when the defendant has also been convicted for the use or possession of a firearm pursuant to 18 U.S.C. § 924(c), which carries a separate and consecutive punishment for firearm use.") (citations omitted).

Defendant was charged and convicted of being a felon in possession of a firearm transported in interstate commerce under 18 U.S.C. § § 922(g) and 924(e).  *See* doc. 84, p. 2 (referencing the indictment[1]).  Therefore, as set forth above, Amendment 599

---

[1] Due to the age of the case not all of the documents are available on the electronic docket, but the report and recommendation (doc. 84) is available.  The Government indicates that its brief on direct appeal would be separately filed to document the issues on appeal and provide a statement of facts and record references.  Doc. 125, p. 2, n. 1.  The brief has not been filed, however.  The appellate opinion, not

has no application here.  *See also* United States v. Fernandez, 2007 WL 30033 (11th Cir. January 4, 2007) (Amendment 599 inapplicable to defendant, charged with being a convicted felon in possession of a firearm under § § 922 and 924(e), as he did not violate § § 844(h), 924(c), or 929(a)).

Defendant's citation to Booker does not entitle him to relief.  "*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission," and is therefore "inapplicable to § 3582(c)(2) motions." United States v. Moreno, 421 F.3d 1217, 1220-21 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 1643 (2006).  *See also* United States v. Price, 438 F.3d 1005, 1007 and n. 2 (10th Cir.), *cert. denied*, 126 S.Ct. 2365 (2006) (collecting cases from the Third, Fourth, Fifth, Seventh, and Eleventh Circuits) (citing Moreno, other citations omitted); United States v. Rodriguez-Pena, 470 F.3d 431, 433 (1st Cir. 2006) (rejecting argument that § 3582(c)(2) reduction was warranted on the theory that Booker constituted a "clarifying amendment" to the guidelines; "[t]his argument has been roundly rejected" and was flawed) (citing Price and Moreno).

"Moreover," as noted by the First Circuit in Rodriguez-Pena, "because defendant already has been denied relief under 28 U.S.C. § 2255, such an argument, if successful, would improperly bypass the second-or-successive regimen prescribed by § 2255 ¶ 8."  470 F.3d at 433.  Defendant Harold is aware of the authorization requirement for filing a second or successive motion, as his previous attempts to circumvent this requirement have been rejected.  Doc. 119, p. 2 (report and

---

available on the electronic docket, was referenced in doc. 84 as an attachment to doc. 67.  Doc. 84, p. 16.

recommendation, incorporated herein by reference, citing the record); docs. 121 and 122 (order adopting recommendation and judgment entered on the docket on August 3, 2006). Without such authorization, this court lacks jurisdiction over a second or successive § 2255 motion. Doc. 119, p. 2.

Defendant expressly states that his motion should not be recharacterized as filed pursuant to § 2255. It is clear he is not entitled to relief whether his motion is considered under § 3582(c)(2) or considered as an unauthorized § 2255 motion. *See* Gonzalez v. Secretary for the Dept. of Corrections, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004) (en banc)[2] (though the court may not recharacterize initial filings without notice to the prisoner, that does not mean the "restrictions can be evaded by the simple expedient of labeling second or successive filings to be something they are not.") (citation omitted).

It is therefore respectfully **RECOMMENDED** that Defendant's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (doc. 123) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 14, 2007.

                               s/ William C. Sherrill, Jr.
                               **WILLIAM C. SHERRILL, JR.**
                               **UNITED STATES MAGISTRATE JUDGE**

---

[2] The opinion was affirmed based on a different rationale in Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (addressing the application of Fed.R.Civ.P. 60 in § 2254 proceedings). *See* Jackson v. Crosby, 437 F.3d 1290, 1294-95 and n. 6 (11th Cir. 2006) (noting that the Supreme Court did not disturb the full en banc decision in Gonzalez), *cert. denied*, 127 S.Ct. 240 (2006).

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**